IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

BUCKEYE FIRE EQUIPMENT COMPANY,  )
                                  )
            Plaintiff,            )
                                  )
     v.                           )
                                  )   Civil Action No.
TYCO FIRE PRODUCTS, LP and        )
ADT SERVICES, AG,                 )   JURY TRIAL DEMANDED
                                  )
            Defendants.           )
                                  )

## COMPLAINT

Plaintiff Buckeye Fire Equipment Company (hereinafter "Plaintiff" or "Buckeye"), by the undersigned attorneys, alleges for its complaint against Tyco Fire Products, LP and ADT Services AG (hereinafter the "Defendants") as follows:

## NATURE OF ACTION

1. Buckeye Fire Equipment Company seeks to appeal a final decision of the Trademark Trial and Appeal Board (hereinafter the "TTAB"), an administrative agency of the United States Patent and Trademark Office ("hereinafter the "USPTO"), that sustained Defendants' opposition to register the trademark KITCHEN GUARD in connection with fire extinguishers in International Class 9.

## PARTIES

2. Plaintiff Buckeye Fire Equipment Company is a corporation organized and existing under the laws of Ohio and having a business address of 110 Kings Road, P.O. Box 428, Kings Mountain, North Carolina 28026, in this District and Division.

1

3. Defendant Tyco Fire Products, LP is a limited partnership organized and existing under the laws of Delaware and having a business address of 451 North Canon Avenue, Lansdale, PA 19446.

4. Defendant ADT Services AG is a corporation organized and existing under the laws of Switzerland and having a business address of Schwertstrasse 9, Schaffhausen CH 8200, Switzerland.

**JURISDICTION AND VENUE**

5. This action arises under the Lanham Act, 15 U.S.C. § 1051, et seq., pursuant to an appeal, in accordance with 15 U.S.C. § 1071(b)(1), from a decision of the TTAB. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121(a) as the action involves a federal question.

6. This Court has personal jurisdiction over Defendants on the grounds that, among other things, they engage in a continuous and systematic course of doing business in North Carolina and/or have substantial contacts with, transact and solicit business in, and/or have purposefully availed themselves of the privileges and benefits of doing business in the State of North Carolina.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (c), and (d) because Defendants conduct business and/or have substantial contacts with and/or may be found in the Western District of North Carolina; a substantial portion of the events at issue have arisen and/or will arise in this judicial district; because Defendants are alien corporations; and because Defendants are subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

8. Plaintiff is the owner of the mark KITCHEN GUARD, Serial No. 77/693,791 filed in the United States Patent and Trademark Office on March 18, 2009.

9. The United States Patent and Trademark Office initially approved the KITCHEN GUARD application for publication.

10. Defendants are the owners of K-GUARD, U.S. Reg. No. 2,398,376 and KITCHEN ONE, U.S. Reg. No. 2,870,427.

11. On November 18, 2009, Defendant commenced Opposition No. 91192716, alleging that the Plaintiff's KITCHEN GUARD mark created a likelihood of confusion with Defendants' K-GUARD and KITCHEN ONE marks.

12. Plaintiff and Defendants engaged in discovery and each party submitted testimony, exhibits, and trial briefs to the TTAB. The parties did not make oral arguments.

13. Plaintiff argued before the TTAB that KITCHEN GUARD is unlikely to cause confusion with Defendants' K-GUARD and KITCHEN ONE marks based on dissimilarity of the marks, differences in associated goods, dissimilarity in channels of trade and classes of consumers, and the buying conditions. As such, Plaintiff submitted that its application for KITCHEN GUARD was not likely to cause confusion with Defendants' K-GUARD and KITCHEN ONE marks and should be registered.

14. On August 1, 2012, the TTAB issued a decision in favor of Defendants sustaining Defendants' opposition, finding KITCHEN GUARD confusingly similar to K-GUARD. A true and accurate copy of the TTAB's decision is attached as Exhibit 1.

15. Plaintiff believes that the TTAB's decision is erroneous and submits its timely appeal for de novo review under 15 U.S.C. § 1071(b)(1).

16. The decision of the TTAB is erroneous because K-GUARD and KITCHEN GUARD are not likely to cause confusion, due to the differences in sight, sound, meaning, commercial impression, associated goods, purchasers and channels of trade.

**CAUSE OF ACTION: REQUEST FOR REVERSAL OF TTAB DECISION**

17. Plaintiff alleges and incorporates by reference each and every allegation stated above.

18. Plaintiff is dissatisfied with the TTAB's August 1, 2012 decision, in that the decision is erroneous as a matter of law.

19. The TTAB's August 1, 2012 decision is final.

20. Pursuant to 15 U.S.C. §1071(b), this Court may review a final disposition of the TTAB in connection with a trademark opposition.

21. The TTAB's August 1, 2012 decision was unsupported by substantial evidence in accordance with 5 U.S.C. § 706(2)(E). The Court's review of the TTAB's August 1, 2012 decision will include a review of: 1) the TTAB's conclusion regarding likelihood of confusion; 2) the TTAB's findings regarding the similarity of the marks; 3) the TTAB's findings regarding similarity of the parties' respective goods; 4) the TTAB's findings regarding similarity or dissimilarity of trade channels and classes of consumers; and 5) the TTAB's findings regarding the conditions under which buyers to whom sales are made, i.e. "impulse" vs. careful, sophisticated purchasing.

22. Buckeye elects to appeal the TTAB's decision by bringing this civil action under 15 U.S.C. § 1071(b). It seeks an order reversing the TTAB's decision that sustained the opposition against Buckeye's application to register the KITCHEN GUARD trademark and adjudging that Buckeye is entitled to register the trademark.

## JURY DEMAND

23. Buckeye respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court reverse the August 1, 2012 decision in the matter of *Tyco Fire Products, LP and ADT Services, AG v. Buckeye Fire Equipment Company*, Opposition No. 91192716 against Serial No. 77/693,791 pursuant to 15 U.S.C. § 1071(b) and order that Buckeye's KITCHEN GUARD trademark proceed to registration on the Principal Register; and

2. That the Court grant such other relief as it deems appropriate.

This the 1st day of October, 2012.

    Respectfully submitted,

    s/ W. Thad Adams, III
    W. Thad Adams, III
    North Carolina Bar Number 000020
    Attorney for Plaintiff
    tadams@slk-law.com

OF COUNSEL:

W. Thad Adams, III
(N.C. Bar Number 000020)
Kathryn A. Gromlovits
(N.C. Bar Number 32700)
SHUMAKER, LOOP & KENDRICK, LLP
First Citizens Bank Plaza

5

128 South Tryon Street
Suite 1800
Charlotte, NC  28202
Tel:  (704) 375-0057
Fax:  (704) 332-1197
Email: tadams@slk-law.com
       kgromlovits@slk-law.com