IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:12-cv-00313-MR

| | |
|---|---|
| BUCKEYE FIRE EQUIPMENT COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TYCO FIRE PRODUCTS, LP, a Delaware limited partnership, and ADT SERVICES, AG, a Swiss corporation,<br><br>Defendants. | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS TYCO FIRE PRODUCTS, LP AND ADT SERVICES AG** |

Defendants, Tyco Fire Products, LP ("Tyco Fire") and ADT Services AG ("ADT") (collectively, "Defendants") by and through their attorneys, provide the following Answer, Affirmative Defenses and Counterclaims to Plaintiff Buckeye Fire Equipment Company's ("Buckeye" or "Plaintiff") Complaint, as follows:

## ANSWER
(Response to Numbered Paragraphs)

Defendants deny each and every allegation contained in Plaintiff's Complaint, including its prayers for relief, except those that have been expressly admitted herein. Defendants further respond to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of the paragraphs in which they are set out, as follows:

1. Defendants admit this action purports to be an appeal of a final decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB") that rendered a decision in favor of Tyco Fire and against Buckeye, sustaining the opposition to Buckeye's application. Except as expressly admitted, the allegations contained in Paragraph 1 are denied.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants admit the allegations contained in Paragraph 4.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit only that Plaintiff is the listed owner of record for U.S. Trademark Application Serial No. 77/693,791 for the mark KITCHEN GUARD ("the '791 Application"). By way of further response, the allegations of Paragraph 8 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied. Except as expressly admitted, the allegations contained in Paragraph 8 are denied.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit, only, that the parties exchanged discovery, that Defendants submitted testimony and exhibits to the TTAB, and that each party submitted trial briefs to the TTAB. Defendants further admit that Plaintiff relied upon the exhibits and testimony proffered by Defendants in support of Plaintiff's trial brief. Except as expressly admitted, the allegations contained in Paragraph 12 are denied.

13. Defendants deny the allegations contained in Paragraph 13. By way of further response, the allegations of Paragraph 13 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

14. Defendants admit the allegations contained in Paragraph 14. By way of further response, Defendants subsequently refer herein to the August 1, 2012 TTAB decision as "the TTAB Decision."

15. Defendants deny the allegations contained in Paragraph 15. By way of further response, the TTAB Decision speaks for itself and the allegations of Paragraph 15 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

16. Defendants deny the allegations contained in Paragraph 16. By way of further response, the TTAB Decision speaks for itself and the allegations of Paragraph 16 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

## PLAINTIFF'S CAUSE OF ACTION

17. Defendants' responses to Paragraphs 1 through 16 above are incorporated by reference as if set forth herein.

18. Defendants deny the allegations contained in Paragraph 18. By way of further response, the allegations of Paragraph 18 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendants admit the allegation contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21. By way of further response, the TTAB Decision speaks for itselfand the allegations of Paragraph 21 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied. Except as expressly admitted, the allegations contained in Paragraph 21 are denied.

22. Defendants admit the allegations contained in Paragraph 22 to the extent Plaintiff has elected to appeal the TTAB Decision by bringing this civil action under 15 U.S.C. § 1071(b). By way of further response, the allegations of Paragraph 22 contain conclusions of law to which no response is required. To the extent any response may be required, the allegations are denied. Except as expressly admitted, the allegations contained in Paragraph 22 are denied.

23. Defendants deny the allegations contained in Paragraph 23. By way of further response, the allegations of Paragraph 23 contain conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the equitable doctrines of waiver, laches, estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

# DEFENDANT, TYCO FIRE'S FOURTH DEFENSE AND COUNTERCLAIMS AGAINST BUCKEYE

Defendant, Tyco Fire believes it has been and will continue to be damaged by: (1) Plaintiff's continued use of the mark KITCHEN GUARD for fire extinguishers; and (2) by the issuance to Plaintiff of a federal registration for the mark of the '791 Application; and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117 and 1125, *et seq.*) and the common law of North Carolina, and for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1., *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332(a) (diversity of citizenship between the parties); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over Buckeye because, among other things, it submitted to this Court's jurisdiction by filing the Complaint in this Court.

4. Venue is proper in this District because, among other things, Buckeye consented to venue in this District by filing its Complaint in this District.

-5-
Case 1:12-cv-00313-MR   Document 12   Filed 12/05/12   Page 5 of 19

**Tyco Fire's K-GUARD® and KITCHEN ONE® Fire Extinguishers**

5.  Tyco Fire is an internationally known and well-recognized provider of fire detection, protection, and suppression products ("fire suppression products").

6.  Tyco Fire has been providing fire suppression products for use in homes and businesses throughout the United States, and internationally, since the 1940's.

7.  Tyco Fire produces a wide variety of globally recognized fire suppression products and markets and sells them under a number of leading brands, including the brands Ansul and Pyro-Chem.

8.  Among the many fire suppression products Tyco Fire offers are fire extinguishers.

9.  Tyco Fire markets and sells its fire extinguishers under several well-recognized trademarks, including under the marks K-GUARD® and KITCHEN ONE® (collectively, "KITCHEN Marks").

10. Tyco Fire sells its K-GUARD® branded fire extinguisher through its Ansul division. *See* Exhibit 1.

11. Tyco Fire sells its KITCHEN ONE® branded fire extinguisher through its Pyro-Chem division. *See* Exhibit 2.

12. There is little discernible difference between the fire extinguishers sold under Tyco Fire's KITCHEN Marks, except for the respective product labeling. Both the K-GUARD® and KITCHEN ONE® trademarks are affixed to their respective products with an adhesive label that also includes instructions for use.

13. The fire extinguishers sold under Tyco's KITCHEN Marks are hand-held, portable fire extinguishers designed to extinguish kitchen grease and cooking fires, fires

involving cooking equipment, and fires caused by the types of oils and greases commonly found in kitchens.

14. The type of cooking or grease fires Tyco Fire's KITCHEN Marks-branded extinguishers are designed to extinguish are referred to in the fire protection industry as Class "K" fires.

15. The fire extinguishers sold under Tyco Fire's KITCHEN Marks use a wet chemical extinguishing agent contained in the extinguisher and expelled onto the fire and cooking equipment to smother the fire.

16. The fire extinguishers sold under Tyco Fire's KITCHEN Marks are designed to be used by non-firefighting professionals, and can be used by any person, including kitchen personnel, that witnesses a cooking or grease fire.

17. The fire extinguishers sold under Tyco Fire's KITCHEN Marks are placed in clear, plain view in cooking environments, and are widely used in restaurant kitchens and other commercial settings.

18. Tyco Fire has taken steps to protect its KITCHEN Marks and is the owner of record for U.S. Federal Trademark Registrations No. 2,398,376 for the mark K-GUARD® and Reg. No. 2,870,427 for the mark KITCHEN ONE®, both for portable fire extinguishers in International Class 9.

19. Tyco Fire's KITCHEN Marks are incontestable and, by virtue of Tyco Fire's significant, continuous, and substantially exclusive use in commerce over at least the last ten years, are widely known and recognized by consumers.

## Buckeye and Buckeye's Selection of KITCHEN GUARD

20. Buckeye is a direct competitor of Tyco Fire and also provides fire suppression products to homes and businesses.

21. Buckeye's fire suppression products include fire extinguishers and fire extinguisher systems designed to suppress kitchen or cooking fires. Buckeye's fire extinguishers use a similar wet chemical agent and are likewise classified to fight Class "K" fires. *See* Exhibit 3.

22. One of the wet chemical based fire extinguishers Buckeye offers is marketed under the mark KITCHEN GUARD.

23. The mark KITCHEN GUARD was developed by Buckeye employee, William Vegso.

24. Prior to working for Buckeye, Mr. Vegso was employed by Pyro-Chem as a general sales and marketing manager and was an employee of Pyro-Chem when the company was purchased by Tyco International and made a division of Ansul, Inc.

25. Mr. Vegso remained employed by Pyro-Chem until Tyco International closed Pyro-Chem's facility in New Jersey. Thereafter, Mr. Vegso became employed by Buckeye.

26. Mr. Vegso was aware of Tyco Fire's KITCHEN Marks prior to his development of the KITCHEN GUARD mark for Buckeye.

27. Upon information and belief, Buckeye and Mr. Vegso specifically and intentionally selected the mark KITCHEN GUARD for Buckeye's fire extinguisher, with prior knowledge of Tyco Fire's KITCHEN Marks, and with the intent to trade on the goodwill associated with Tyco Fire's KITCHEN Marks. Buckeye's adoption of the KITCHEN GUARD mark constitutes intentional direct copying of Tyco Fire's KITCHEN Marks.

## Buckeye's Infringing Use of KITCHEN GUARD

28. Upon information and belief, Buckeye sells its KITCHEN GUARD fire extinguishers through its wholly owned subsidiary Shield Fire Protection.

29. Buckeye's KITCHEN GUARD fire extinguisher is advertised as being designed for use against cooking oil and grease fires. *See* Exhibit 4.

30. The KITCHEN GUARD fire extinguisher is advertised as using the same wet chemical agent that is used in extinguishers for deep fat fryers in commercial kitchens. *See* Exhibit 4.

31. Buckeye advertises the KITCHEN GUARD fire extinguisher and the wet chemical agent it contains as being "…recommended by the NFPA [National Fire Protection Association] for tackling cooking oil fires in commercial kitchens." *See* Exhibits 5-6.

32. The KITCHEN GUARD fire extinguisher is also advertised as being tested for application to Class K cooking oil fires. *See* Exhibit 6.

33. The KITCHEN GUARD fire extinguisher also appears in advertising as the KGUARD Kitchen Guard fire extinguisher. *See* Exhibit 7.

34. The KITCHEN GUARD fire extinguisher is also referred to by its Model# - "KGUARD" in internet advertising. *See* Exhibit 7.

35. Upon information and belief, Buckeye intends to continue to manufacture, advertise, promote, sell and/or offer to sell wet chemical – Class K fire extinguishers under the intentionally infringing mark KITCHEN GUARD.

36. Buckeye's past and continued use of the name and mark KITCHEN GUARD for fire extinguishers is likely to cause confusion or mistake, or to deceive consumers and others, as

to the source and/or quality of the KITCHEN GUARD fire extinguisher, or that the KITCHEN GUARD fire extinguisher is sponsored or somehow affiliated with Tyco Fire.

37. Buckeye has knowingly and intentionally, or with willful disregard to Tyco Fire's rights, been engaging, in bad faith, in the above-referenced infringing activities for the purpose of trading on the goodwill and reputation of Tyco Fire and Tyco Fire's well-recognized KITCHEN Marks.

38. As a result of Buckeye's above-referenced activities, Tyco Fire has suffered and is suffering irreparable injury, has substantial damages, and has no adequate remedy at law.

### COUNT I
### False Designation of Origin & Unfair Competition Under the Lanham Act
### 15 U.S.C. § 1125 *et seq.*

39. Tyco Fire hereby incorporates by reference Paragraphs 1 through 38 of its Counterclaims above as though fully set forth at length.

40. Tyco Fire is the owner of all right and title to its KITCHEN Marks.

41. Tyco Fire's KITCHEN Marks are incontestable and, by virtue of Tyco Fire's continuous, extensive, and substantially exclusive use throughout the United States of its KITCHEN Marks for the past decade, are well known and recognized by consumers.

42. Buckeye's adoption of the confusingly similar mark KITCHEN GUARD for its own fire extinguishers is a misappropriation of Tyco Fire's registered KITCHEN Marks.

43. Buckeye's manufacture, distribution, and sale of a fire extinguisher under the mark KITCHEN GUARD is likely to cause confusion, cause mistake or otherwise deceive consumers as to the affiliation, connection, or association of Buckeye with Tyco Fire, or as to the origin, sponsorship of approval by Tyco Fire of Buckeye's KITCHEN GUARD fire extinguisher.

-10-
Case 1:12-cv-00313-MR   Document 12   Filed 12/05/12   Page 10 of 19

44.     Buckeye's use of the KITCHEN GUARD mark, and its continued manufacture, distribution, and sale of KITCHEN GUARD fire extinguishers is enabling Buckeye to unfairly benefit from Tyco Fire and the success of the fire extinguishers sold under Tyco Fire's KITCHEN Marks.

45.     Buckeye's use of the KITCHEN GUARD mark, and its continued manufacture, distribution, and sale of KITCHEN GUARD fire extinguishers constitutes unfair competition and false designation of origin under the Lanham Act.

46.     Buckeye knew of Tyco Fire's prior and subsisting use of Tyco Fire's KITCHEN Marks when Buckeye intentionally adopted use of, and submitted its application for registration of the mark KITCHEN GUARD for fire extinguishers.

47.     Buckeye's continued use of the KITCHEN GUARD mark for fire extinguishers is intentional and without regard to Tyco Fire's longstanding and prior rights in Tyco Fire's KITCHEN Marks.

48.     Upon information and belief, Tyco Fire believes Buckeye has profited by virtue of its infringement of Tyco Fire's KITCHEN Marks.

49.     Tyco Fire has sustained damages as a direct and proximate cause of Buckeye's continued use of the mark KITCHEN GUARD for Buckeye's fire extinguishers.

50.     Tyco Fire has been and will continue to be irreparably harmed and damaged, and its incalculable goodwill will be continually eroded by Buckeye's conduct and continuing infringement, and Tyco Fire lacks an adequate remedy at law to compensate for this continuing harm and damage.

-11-
Case 1:12-cv-00313-MR   Document 12   Filed 12/05/12   Page 11 of 19

51. Accordingly, Tyco Fire is entitled to judgment on the claims set forth above and an award of injunctive relief, damages, lost profits, attorneys' fees and costs, treble damages and prejudgment interest in accordance with 15 U.S.C. §§ 1116 and 1117.

## COUNT II
### Federal Trademark Infringement Under The Lanham Act
### 15 U.S.C. § 1114 *et seq.*

52. Tyco Fire hereby incorporates by reference Paragraphs 1 through 51 of its Counterclaims above as though fully set forth at length.

53. Tyco Fire is owner of all right and title to its KITCHEN Marks.

54. Buckeye's adoption of the confusingly similar mark KITCHEN GUARD for fire extinguishers has and is infringing Tyco Fire's use of its registered KITCHEN Marks for portable fire extinguishers.

55. Buckeye's use of the KITCHEN GUARD mark for fire extinguishers is likely to cause confusion, cause mistake, or otherwise deceive consumers to believe that Buckeye's fire extinguishers bearing the KITCHEN GUARD mark originate from or are approved, associated with, sponsored by or in some manner connected to Tyco Fire.

56. Buckeye's manufacture, distribution, and sale of the KITCHEN GUARD fire extinguisher is unfairly benefitting Buckeye by allowing Buckeye to trade on Tyco Fire's reputation and success, giving Buckeye and its infringing product commercial value it would not otherwise have.

57. Buckeye's unauthorized use of the infringing KITCHEN GUARD mark is likely to deceive or cause confusion or mistake among consumers as to the origin, sponsorship or approval of Buckeye's KITCHEN GUARD fire extinguisher and/or to cause confusion or

mistake as to any affiliation, connection or association between Tyco Fire and Buckeye, in violation of the Lanham Act.

58. Upon information and belief, Buckeye's infringement of Tyco Fire's KITCHEN Marks as described above has been and continues to be intentional, willful and without regard to Tyco Fire's rights in its KITCHEN Marks.

59. Upon information and belief, Buckeye has gained profits through its infringement of Tyco Fire's KITCHEN Marks.

60. Tyco Fire has sustained damages as a direct and proximate result of Buckeye's infringement of Tyco Fire's KITCHEN Marks.

61. Tyco Fire has suffered and is suffering irreparable harm from Buckeye's infringement of Tyco Fire's KITCHEN Marks as Buckeye's infringement continues to erode Tyco Fire's incalculable goodwill in its KITCHEN Marks. Tyco Fire has no adequate remedy at law to compensate for the loss of its business reputation, customers, market position, and goodwill from Buckeye's infringing activities.

62. Accordingly, and because Buckeye's actions have been committed with the intent to damage Tyco Fire and to confuse the public, Tyco Fire is entitled to an injunction against Buckeye's continuing infringement of Tyco's KITCHEN Marks and an award of Buckeye's profits, treble Tyco's actual damages, costs, and attorneys' fees in accordance with 15 U.S.C. §§ 1116 and 1117.

### COUNT III
**Common Law Trademark Infringement**
**Under the Laws of the State of North Carolina**

63. Tyco Fire hereby incorporates by reference Paragraphs 1 through 62 of its Counterclaims above as though fully set forth at length.

64. Tyco Fire has prior rights in Tyco Fire's KITCHEN Marks.

65. Buckeye's adoption and use of the mark KITCHEN GUARD in connection with fire extinguishers is infringing Tyco Fire's KITCHEN Marks.

66. Buckeye's unauthorized adoption and use of the mark KITCHEN GUARD is likely to cause confusion, cause mistake, or otherwise deceive consumers as to the affiliation, connection or association of Buckeye with Tyco Fire, or as to the origin, sponsorship, or approval of Tyco Fire of Buckeye's goods and/or commercial activities.

67. Buckeye's use of the infringing KITCHEN GUARD mark enables Buckeye to unfairly benefit from Tyco Fire's reputation and success, thereby giving Buckeye's infringing mark sales or commercial value it would not otherwise have.

68. Buckeye was aware of Tyco Fire, Tyco Fire's business, and Tyco Fire's KITCHEN Marks well prior to Buckeye's adoption and use of the infringing KITCHEN GUARD mark.

69. Upon information and belief, Buckeye's infringement of Tyco Fire's KITCHEN Marks described above has been and continues to be intentional, willful, and without regard to Tyco Fire's rights in its KITCHEN Marks and related common law trademark rights.

70. Upon information and belief, Buckeye has gained profits by virtue of its infringement of Tyco Fire's KITCHEN Marks and related common law trademark rights.

71. Tyco Fire has sustained damages as a direct and proximate result of Buckeye's infringement of Tyco Fire's KITCHEN Marks and related common law trademark rights.

72. Tyco Fire has suffered and will continue to suffer irreparable harm to Tyco Fire's KITCHEN Marks, Tyco Fire's related common law trademark rights, and the associated goodwill, all as a result of Buckeye's infringing use of the KITCHEN GUARD mark. Tyco

-14-
Case 1:12-cv-00313-MR   Document 12   Filed 12/05/12   Page 14 of 19

Fire has no adequate remedy at law to compensate it for its loss of business reputation, customers, market position, and goodwill flowing from Buckeye's infringing activities, such that Tyco Fire is entitled to an injunction against Buckeye's continuing infringing activities.

## COUNT IV
### Common Law Unfair Competition
### Under the Laws of the State of North Carolina

73. Tyco Fire hereby incorporates by reference Paragraphs 1 through 72 of its Counterclaims above as though fully set forth at length.

74. The foregoing acts of Buckeye constitute unfair competition in violation of the common law of the State of North Carolina.

75. Upon information and belief, Buckeye has made and will continue to make profits and gains to which it is not, in law or equity, entitled.

76. Upon information and belief, Buckeye intends to continue and expand its infringing activities, unless restrained by this Court.

77. Buckeye's infringing acts have damaged, and will continue to damage Tyco Fire, and Tyco Fire has no adequate remedy at law

## COUNT V
### Unfair and Deceptive Trade Practices in
### Violation of N.C. Gen. Stat. § 75-1.1

78. Tyco Fire hereby incorporates by reference Paragraphs 1 through 77 of its Counterclaims above as though fully set forth at length.

79. The foregoing acts of Buckeye constitute unfair methods of competition in or affecting commerce and unfair and deceptive acts or practices in and affecting commerce in violation of N.C. Gen. Stat. § 75-1.1.

80. The foregoing acts of Buckeye have injured and will continue to injure the goodwill, reputation and business of Tyco Fire.

81. As a direct and proximate result of Buckeye's unfair and deceptive conduct and unfair methods of competition, Tyco Fire has suffered and will continue to suffer damages in an amount to be proved at trial.

82. Tyco Fire is entitled to recover treble damages against Buckeye, plus attorneys' fees, pursuant to N.C. Gen. Stat. § 75-16.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

(1) That judgment be entered in favor of Defendants and against Plaintiff on each of Plaintiff's claims in its Complaint and that the TTAB Decision be upheld;

(2) That judgment be entered in favor of Tyco Fire on each of Tyco Fire's Counterclaims;

(3) A finding that Plaintiff has committed trademark infringement and unfair competition in violation of the Lanham Act;

(4) That Plaintiff, and its officers, directors, employees, agents, and all those in privity, concert, or participation with them, be enjoined from using in commerce the terms KITCHEN GUARD for or in association with fire extinguishers or fire suppression systems; pursuant to 15 U.S.C. § 1116;

(5) That Tyco Fire be awarded damages as a result of Plaintiff's wrongful conduct;

(6) That Tyco Fire be awarded (a) any damages sustained by Defendants as a result of the acts alleged herein, (b) Plaintiff's profits, (c) the costs of the action, and (d) that the Court

-16-
Case 1:12-cv-00313-MR   Document 12   Filed 12/05/12   Page 16 of 19

treble or otherwise increase Tyco Fire's damages pursuant to 15. U.S.C. § 1117, together with interest, including pre-judgment, as fixed by the Court;

(7) That Tyco Fire be awarded its attorneys' fees, costs and expenses pursuant to 15. U.S.C. § 1117; and

(8) That the judgment includes such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 5th day of December, 2012.

/s/ *Michael G. Adams*
Michael G. Adams
N.C. Bar No. 16528
Christopher M. Thomas
N.C. State Bar No. 31834
Morgan H. Rogers
N.C. State. Bar No. 37025
Parker Poe Adams & Bernstein LLP
401 South Tryon Street
3000 Three Wells Fargo Center
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
mikeadams@parkerpoe.com
christhomas@parkerpoe.com
morganrogers@parkerpoe.com

*Attorneys for Defendants Tyco Fire Products, LP and ADT Services, AG*

OF COUNSEL:

Paul J. Kennedy
Vincent V. Carissimi
Sean P. McConnell
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

kennedyp@pepperlaw.com
carissimiv@pepperlaw.com
mcconnells@pepperlaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Answer, Affirmative Defenses and Counterclaims of Defendants Tyco Fire Products, LP and ADT Services AG* with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

> W. Thad Adams III
> Kathryn A. Gromlovits
> Lance A. Lawson
> SHUMAKER, LOOP & KENDRICK, LLP
> First Citizens Bank Plaza
> 128 South Tryon Street
> Suite 1800
> Charlotte, North Carolina 28202

This the 5th day of December, 2012.

> /s/ *Michael G. Adams*
> Michael G. Adams
> N.C. Bar No. 16528
> Christopher M. Thomas
> N.C. State Bar No. 31834
> Morgan H. Rogers
> N.C. State. Bar No. 37025
> Parker Poe Adams & Bernstein LLP
> 401 South Tryon Street
> 3000 Three Wells Fargo Center
> Charlotte, North Carolina 28202
> Telephone: (704) 372-9000
> Facsimile: (704) 334-4706
> mikeadams@parkerpoe.com
> christhomas@parkerpoe.com
> morganrogers@parkerpoe.com
>
> *Attorneys for Defendants Tyco Fire Products, LP and ADT Services, AG*